UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAHMEL STOKES,<br><br>      Plaintiff,<br><br>   -against-<br><br>MID-HUDSON PSYCHIATRIC FORENSIC CENTER,<br><br>      Defendant. | 25-CV-6730 (KMW)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

KIMBA M. WOOD, United States District Judge:

  Plaintiff, proceeding *pro se*, brings this action alleging that his employer violated his rights under the Family and Medical Leave Act of 1993 ("FMLA") when it terminated his employment. By order dated September 8, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 5.) For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff brings his claims using the court's Employment Discrimination Complaint form. He checks the box on the form to indicate that he is asserting claims under the FMLA. Plaintiff's sole allegation is that he was "[t]erminated due to FMLA disability." (ECF 1, at 5.) He seeks an order directing Defendant to re-employ him and to reasonably accommodate his disability. Plaintiff attaches to the complaint a Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission on May 16, 2025.

## DISCUSSION

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept as true, however, "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.*

Plaintiff's complaint, which consists of a single one-sentence conclusory assertion, does not comply with Rule 8. Plaintiff does not provide a factual basis to support a claim of employment discrimination. In other words, the complaint does not include a short and plain statement showing that Plaintiff is entitled to relief. The Court grants Plaintiff leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below

**B.    The Family and Medical Leave Act**

The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims; interference claims and retaliation claims.

An employee brings an 'interference' claim when the employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. A retaliation claim involves an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and, as a result, being subjected to some adverse employment action by the employer. *Woods v. START Treatment & Recovery Ctrs., Inc.,* 864 F.3d 158, 166 (2d Cir. 2017).

Here, Plaintiff alleges that Defendant terminated his employment "due to FMLA disability." (ECF 1, at 5.) He does not state any facts suggesting that Defendant violated the

3

FMLA.  Plaintiff does not allege that he requested leave under the FMLA and that Defendant either denied or interfered with his right to take FMLA leave, or that Defendant retaliated against him when he sought to take FMLA leave.  The Court therefore dismisses Plaintiff's claims under the FMLA for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that alleges facts suggesting that Defendant violated his rights under the FMLA.

**C.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).  Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally  grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). . Indeed, the United

States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FMLA, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 30 days' leave to replead his claims.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  September 24, 2025
        New York, New York

                                          /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                           United States District Judge